UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD LEO AND KATHLEEN LEO | CIVIL ACTION |
| VERSUS | |
| JELD-WEN, INC. | 16-00605-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion in Limine to Exclude Extracted Windows and Any Testimony Regarding Extracted Windows at Trial (Doc. 33)** filed by Defendant, Jeld-Wen, Inc., seeking to exclude the windows and any evidence from the removal of windows from Plaintiffs' home, which is scheduled for April 12, 2018. Plaintiffs filed an opposition. (Doc. 37). The Court held a hearing on the issue on April 9, 2018. (Doc. 38). For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

In 2007, Plaintiffs purchased approximately fifty windows for installation in their home, which was then under construction in East Baton Rouge Parish, Louisiana. (Doc. 1-1 at ¶¶ 2–3). Defendant, an Oregon corporation, manufactured and sold the windows. (*Id.* at ¶¶ 1–2). After installation, Plaintiffs noticed water infiltrated their home, and after several attempts to stop the water, Plaintiffs concluded that Defendant's windows were to blame. (*Id.* at ¶¶ 3–4). Plaintiffs filed suit in state court, claiming that the windows contained rehibitory defects, for which Defendant was liable under Louisiana law. (*See Id.*). Defendant removed the case to federal court. (*See* Doc. 1).

Pursuant to the Court's scheduling order and subsequent extensions, the Parties conducted discovery in this matter, which concluded on December 5, 2017. (Docs. 13 & 24). On April 3, 2018, Defendant learned via an email from Plaintiffs' counsel that Plaintiffs intended to remove the windows from the house and preserve certain windows for use at trial. (Doc. 33-2 at p. 1). Defendant then filed the instant motion, seeking to exclude the removed windows and any evidence related to their removal at trial. (Doc. 33).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 mandates certain initial disclosures between parties, including "tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 37 provides that "[i]f a party fails to provide information . . . required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). When determining whether the a failure to disclose was "substantially justified or harmless," a court looks at the following "four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). However, a party is not required to disclose which exhibits it expects to offer until thirty days prior to trial, unless a court orders otherwise. *See* Fed. R. Civ. P. 26(a)(3).

## III. DISCUSSION

At the outset, the Court notes that the only issue before it is whether the windows that are scheduled to be removed from Plaintiffs' house may be introduced at trial, not whether the Plaintiffs may remove the windows from their home. Defendant argues that the Court should not allow the windows to be introduced at trial because "Plaintiffs have no valid explanation for their failure to disclose their intent to extract certain windows for use at trial." (Doc. 33-1 at p. 4). According to Defendants, Plaintiffs should have listed the windows in their initial disclosures. (*Id.* at p. 5). Further, Defendant argues that it would be prejudiced by being required to incur costs related to having its expert observe the window removal and conducting additional discovery concerning the extracted windows. (*Id.* at p. 5–6).

The Court disagrees, even though the windows were not listed on Plaintiffs initial disclosures (*See* Doc. 33-3 at p. 2), any error in failing to list the windows was harmless. Regarding the first factor, the windows are a critical piece of the evidence; indeed, the windows form the basis of the entire suit. With respect to the second factor, there is little, if any, prejudice because it is clear from the face of the complaint that Defendant was aware that Plaintiffs had the windows and were in possession of the windows. (*See* Doc. 1-1 at ¶¶ 4–5) ("[Plaintiffs] reported [the alleged issues with the windows] to [Defendant], which has inspected the windows."). Third, the Court finds that any prejudice can be cured by reopening discovery for the limited purpose of examining the removed windows. Trial in this matter is still over two months away, and the Court is not convinced that the fact that the windows have been

removed from the house will fundamentally alter the issues at trial. Fourth, even assuming that Plaintiffs should have listed the windows in their initial disclosures, the windows are not newly discovered evidence. The windows are the underlying subject of the lawsuit. Finally, the Court finds that Plaintiffs complied with Rule 26 by notifying Defendant that they intended to use the windows as an exhibit on April 3, 2018 (Doc. 33-2 p. 1), prior to the Court's deadline for filing the pretrial order.

At the hearing, both parties stated that they have worked amicably during these disputes, and the Court hopes the parties will continue to work towards the mutual resolution of issues, such as agreeing on a date for the removal of windows where both parties can have experts present.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion (Doc. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that discovery in this case shall be reopened for thirty days for the limited purpose of examining the removed windows and the evidence relating to it.

Baton Rouge, Louisiana, this 10th day of April, 2018.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA