UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD AND KATHLEEN LEO                                    CIVIL ACTION

VERSUS

JELD-WEN, INC.                                             NO.: 16-CV-00605-BAJ-EWD

RULING AND ORDER

Before the Court is Plaintiffs' **Renewed Motion for Judgment as a Matter of Law and, Alternatively, Motion for New Trial. (Doc. 84)**. Also before the Court is Plaintiffs' **Motion to Alter or Amend Judgment (Doc. 83)**. Finally, before the Court is Defendant's **Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial and/or Remittitur. (Doc. 81)**. Oral argument is not required. For the reasons stated below, both parties' Motions are DENIED.

I.  BACKGROUND

This case involves allegations of redhibitory defects and breach of an express warranty covering certain windows purchased by Ronald and Kathleen Leo ("Plaintiffs") from the manufacturer, Jeld-Wen ("Defendant"). A jury trial was conducted in this matter, after which the jury determined that the windows purchased from Defendant contained a redhibitory defect, but that Plaintiff's time to bring a claim in redhibition had tolled. (Doc. 75). The jury further found that

1

Defendant breached the terms of the warranty it issued to Plaintiffs, which caused direct damages to Plaintiffs' home in the amount of $335,000.00. (Id.).

Both Plaintiffs and Defendant move for judgements as a matter of law, or in the alternative, new trials. Plaintiffs additionally move to have the judgement altered or amended.

## II. STANDARD OF REVIEW

### A. Motion for Judgment as a Matter of Law

Entry of judgment as a matter of law is appropriate if the defendant shows that a reasonable jury would not have a legally sufficient evidentiary basis to find for the plaintiffs on the issue. *See* FED. R. CIV. P. 50(a). In deciding if the defendant has made such a showing, the court draws reasonable inferences in the light most favorable to the plaintiffs. *See Alonso v. Westcost Corp.*, 920 F.3d 878, 882 (5th Cir. 2019). Because the court's jurisdiction is based on diversity of citizenship, the court looks to Louisiana law "for the kind of evidence that must be produced to support a verdict." *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1040 (5th Cir. 2011).

### B. Motion for a New Trial

Federal Rule of Civil Procedure 59(a)(1)(A) provides that the court "may, on motion, grant a new trial on all or some of the issues – and to any party – . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "The decision to grant or deny a motion for new trial is within the sound discretion of the trial court . . ." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

2

### C. Motion to Alter or Amend a Judgment

Concerning a motion to alter or amend a judgment "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D.La.2000).

### III. DISCUSSION

### A. Plaintiffs' Motion for Judgement as a Matter of Law

Plaintiffs argue that it was unreasonable for the jury to determine that Plaintiffs' claims based in redhibition were proscribed, given the evidence presented at trial. Plaintiffs first claim that under Louisiana law, when redhibitory defects in a product are suspected, a plaintiff has one year from the time he realizes that any damage he is experiencing is the result of the redhibitory defect. *Shopeze Food Stores, Inc. v. Tanwar,* 769 So.2d 646 (La.App. 4 Cir. 8/30/00). Plaintiffs cite to this Court's opinion denying partial summary judgment, wherein the Court opined that

> The Court is persuaded that, although the Plaintiffs took extensive steps to discover and remedy the source of the water intruding into their home, they did not discover the potential defect in the window until September 8, 2015.

3

(Doc. 50 at p. 14). Plaintiffs rely on *LeGros v. Arc Services, Inc.*, 721 So.2d 1016 (La.App. 3rd Cir. 10/28/1998) to argue that even if a plaintiff informs the seller of a redhibitorily defective product that he suspects the product is redhibitorily defective, the time in which to file a claim only begins to run once such suspicions are confirmed.

Defendant claims that Kathleen Leo wrote an email in March of 2013 wherein she stated that she believed that the water leak issues came from a defect in the window itself. (Doc. 86 at p. 2). Defendants argue that they presented extensive evidence to the jury establishing multiple points at which Plaintiffs either knew or should have known of the alleged redhibitory defects in the windows and filed suit. (Id. at p. 4). Defendants cite *Gadpaille v. Thomas* 990 So.2d 126 (La.App. 2d Cir. 8/13/08) to argue that Plaintiffs did not need proof that the windows were redhibitory defective, only that they had a reasonable basis to pursue a claim.

Despite the Court's statement in its Order denying partial summary judgement, the Court's role as fact finder ended when the trial began. The Court found that *for the purposes of summary judgement*, Plaintiff's pleadings were sufficient to establish an issue of a material fact as to when the redhibitory nature of the damage was first noticed. However, the jury, having heard all of the available evidence, determined that Plaintiffs filed their claim over one year after becoming aware of the redhibitory defect in the windows. Plaintiffs have presented no evidence or case law that would permit this Court to find that after the presentation of evidence at trial "no reasonable jury" could have come to the conclusions reached by this jury arrived. The Court finds no reason to upset the jury's verdict on this issue.

4

## B. Defendant's Motion for Judgement as a Matter of Law

Defendant claims that under Louisiana law, all of Plaintiffs' claims should have been prescribed for the same reason Plaintiff's claims in redhibition were prescribed. (Doc. 81-1 at p. 5). Defendant cites *PPG Industries v. Industrial Laminates Corp.*, 664 F.2d 1332 (5th Cir. 1982) to support its argument that claims for breach of warranty against inherent defects in a product are redhibition actions, and therefore the one-year statute of limitations for actions in redhibition applies. Defendant also cites *Marsellies Homeowners Condo Ass'n, Inc. v. Broadmoor, L.L.C.*, 2012-1233 (La. App. 4 Cir. 2/27/13), 111 So. 3d 1099, 1106 wherein the Louisiana Court of Appeal for the Fourth Circuit opined that "a breach of express warranty is no longer viable as an independent theory of recovery against a manufacturer." The *Marsellies* court found that breach of warranty claims for product defects should be brought under the Louisiana Products Liability Act ("LPLA").[1]

The LPLA defines "Express Warranty" as such:

"Express warranty" means a representation, statement of alleged fact or promise about a product or its nature, material or workmanship that represents, affirms or promises that the product or its nature, material or workmanship possesses specified characteristics or qualities or will meet a specified level of performance. "Express warranty" does not mean a general opinion about or general praise of a product. A sample or model of a product is an express warranty. La. Stat. Ann. § 9:2800.53.

Breach of an express warranty to inspect and repair defective products is not covered in the definition of "Express Warranty" under the LPLA. Therefore, the ruling in *Marsellies* does not apply to breaches of an express warranty to inspect the

---

[1] La. Stat. Ann. § 9:2800.51.

allegedly damaged windows and provide repairs as necessary. In this matter, Plaintiff alleges that Defendants breached the terms of the warranty requiring Defendant to inspect and fix the windows that were problematic, as well as a claim in redhibition for latent defects in the windows. (Doc. 1-1 at § 5.). Such claims are governed by the normal statute of limitations for personal actions for contractual obligations, ten years. La. Civ. Code Ann. art. 3499. Plaintiff filed this suit well within the statutory time frame of ten years. The Court finds that the jury's decision was reasonable and was supported by the facts and evidence presented at trial.

### C. Plaintiff's Motion for a New Trial

Plaintiffs further argues that they deserve a new trial on the limited issue of when they discovered the redhibitory defects in the windows. The issue of when Plaintiffs discovered the redhibitory defects was a central evidentiary issue at trial. Much testimony was elicited on this very issue. The jury, having heard such testimony, determined that Plaintiffs' claims were prescribed. The Court finds no reason to upset the jury's verdict on this issue.

### D. Defendant's Motion for a New Trial and/or Remittitur

Defendant claims that the majority of the damages awarded to Plaintiff were barred by the terms of the warranty. The contract between Plaintiff and Defendant contains the following language:

> The Seller's liability on any claim of any kind, including negligence, for any loss or damage from the performance of breach thereof, or from the design, manufacture, sale, delivery, resale, or repair or use of any equipment covered by or furnished under this Purchaser Order shall in no case exceed the price allowable to the equipment of (sic) part thereof

> which gives rise to the claim . . . in no event shall the Seller be liable for
> special or consequential damages. (Doc. 81-1 at p. 10).

Defendant asserts that the jury verdict of $335,000 for breach of warranty exceeds the limitation of liability provisions set forth in its contract with Plaintiffs, and that Plaintiffs are only entitled to the purchase price of the windows, plus interest. (Id. at pp. 12-13).

The contractual provision at issue here sets forth that the seller is not liable for "special or consequential" damages. This leaves direct damages, about which there was ample evidence and testimony. Defendants have not provided compelling evidence that the jury's award was based in anything other than the direct damages claimed at trial.

### E. Plaintiffs' Motion to Alter or Amend Judgment

Plaintiffs claim that the judgement should be altered to specify which aspects of the warranty were breached. The Court directed the parties to supply a joint verdict form. (Doc. 62). Both parties reviewed the language of the jury verdict form when it was prepared, and once again during a conference with the Court immediately prior to closing arguments. At no point did Plaintiffs request that the verdict form be amended to add clarity or specificity regarding the warranty breach. This issue should have been addressed prior to jury deliberations. It was not, and the Court will not now alter what the parties had ample opportunity to fix prior to the submission of the form to the jury.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Renewed Motion for Judgment as a Matter of Law and, Alternatively, Motion for New Trial. (Doc. 84)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion to Alter or Amend Judgment (Doc. 83)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's **Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial and/or Remittitur. (Doc. 81)** is **DENIED**.

Baton Rouge, Louisiana, this **16th** day of August, 2019.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**